UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUY ZACHARY CHOPP #937922,

        Plaintiff,

v.

ROBERT ELKINS,

        Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:25-cv-924

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant Robert Elkins's Motion for Summary Judgment asserting lack of exhaustion. (ECF No. 15.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the motion, **dismiss** Plaintiff's claims against Defendant Elkins **without prejudice**, and **terminate** this action.

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility, filed a complaint against Food Service Director Robert Elkins on August 11, 2025, alleging claims based on events that occurred at Oaks Correctional Facility (ECF) in early 2025. Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for violation of the First Amendment's Free Exercise Clause, and a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq.* (ECF No. 1 at PageID.4.)

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

Plaintiff alleges that he is Muslim and that his religion requires him to eat meat. (*Id.*) Plaintiff states that the requirement to eat meat comes from the Qur'an, which states that Plaintiff is "to eat the things of earth," and that meat falls within that category. (*Id.*) Plaintiff claims that Defendant has "removed meat from [Plaintiff's] diet and is forcing [Plaintiff] to be deprived of Halal meat." (*Id.*) According to Plaintiff, every day that he is unable to eat Halal meat "is a day that Allah is going to punish [Plaintiff] for not following the Qur'an." (*Id.*)

Defendant Elkins moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This

process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of his motion, Elkins attaches a Step III Grievance Report for Plaintiff dated August 25, 2025, which shows the grievances arising out of ECF that Plaintiff initiated at Step I in January or early February 2025 and pursued through Step III. (ECF No. 16-3.) The Step III Report shows that Plaintiff pursued only one grievance out of MCF that he filed during that time, Grievance ECF-25-02-0261-28i (*id.* at PageID.80), which Plaintiff identifies in his complaint. (ECF No. 1 at PageID.3.) In his Step I grievance, Plaintiff alleged that he is required to eat meat based on his religious beliefs and that "[t]his facility has taken meat out of my diet." (*Id.* at PageID.84.) The grievance was rejected for lack of an attempt to resolve the issue with staff prior to writing the grievance. (*Id.*) The rejection was upheld in Plaintiff's Step II and Step III appeals. (*Id.* at PageID.81–83.)

Defendant Elkins contends that Plaintiff failed to properly exhaust his grievance on two grounds. First, he argues that the grievance was rejected at all three steps of the administrative process, which precludes a finding of proper exhaustion. Second, Defendant Elkins argues that the grievance did not name him or sufficiently identify him as the subject of the grievance. (ECF No. 16 at PageID.62–64.)

Failure to attempt to resolve the issue prior to filing a grievance is a proper ground for rejecting a grievance and, if valid, renders the grievance unexhausted. *See Doss v. Corizon Med. Corp.*, No. 21-1423, 2022 WL 1422805, at *2 (6th Cir. Mar. 15, 2022). In his Step I grievance, Plaintiff indicated that he wrote a kite to food service and spoke to custody staff, but he failed to state the date on which he made such attempts. The missing information was important not only to determining whether Plaintiff made a sufficient attempt to resolve the issue, but also to whether

3

his grievance was timely. This is because Plaintiff was required to file his grievance within five business days of the date he made the attempt. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶¶ W and CC (effective 10/21/2024). Because Plaintiff omitted this information, he failed to exhaust his grievance in accordance with the MDOC's grievance process. *See Jones v. Bonevelle*, No. 2:08-cv-133, 2011 WL 4026986, at *3 (W.D. Mich. Aug. 29, 2011), *adopted by* 2011 WL 4026907 (W.D. Mich. Sept. 9, 2011).

Plaintiff's grievance also failed to exhaust his claim against Defendant Elkins because it did not identify Elkins by name. "Under the [MDOC's] procedural rules, inmates must include the . . . 'names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Favors v. Leach*, No. 2:16-cv-33, 2019 WL 2261119, at *5 (W.D. Mich. Jan. 17, 2019), *adopted by* 2019 WL 1397086 (W.D. Mich. Mar. 28, 2019) ("Because Plaintiff failed to name any Defendants in these grievances, these grievances cannot be used to exhaust his claims against Defendants."). Where a prisoner fails to identify a prison official by name, his grievance can still fulfill the purposes of exhaustion by the inclusion of other information identifying the official, such as the official's title or position or even the facts set forth in the grievance. *Cary v. Washington*, No. 17-13217, 2018 WL 5117812, at *8 (E.D. Mich. July 31, 2018), *adopted by* 2018 WL 4501480 (E.D. Mich. Sept. 20, 2018) (collecting cases); *see also Christian v. Michigan Dep't of Corrs.-Health Servs.*, No. 12-12936, 2013 WL 5348832, at *4–5 (E.D. Mich. Sept. 24, 2013) (concluding that the plaintiff's general reference to "health services" in combination with specific recitations of the dates and subjects of health care kites sent to providers sufficed to identify them as "the target of the grievance"); *Harrington v. Smolinski*, No. 1:05-CV-688, 2006 WL 549383, at *3 (W.D. Mich. Mar. 6, 2006) ("Although Plaintiff did not mention Defendant Smolinski by name, he sufficiently identified her by the title

of 'Classification Director.'"). In contrast to these cases, Plaintiff simply referred to "[t]his facility." (ECF No. 16-3 at PageID.84.) He did not refer to Defendant Elkins (or any other prison official) by title or include facts that would have alerted prison officials that Defendant Elkins was the subject of his grievance.

Defendant Elkins has met his burden of showing that he is entitled to summary judgment based on Plaintiff's failure to properly exhaust his claims. Accordingly, Plaintiff's claims should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant Elkins's motion for summary judgment (ECF No. 15) be **granted** and that Plaintiff's claims against Defendant Elkins be **dismissed without prejudice**.

Dated: March 23, 2026                                          /s/ Sally J. Berens
                                                                          SALLY J. BERENS
                                                                          U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).